United States District Court
Southern District of Texas
**ENTERED**
June 08, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Jane Doe<br>    Plaintiff, | §<br>§<br>§<br>§ | CIVIL ACTION No.<br>4:20−cv−01828 |
| vs. | §<br>§<br>§ | JUDGE CHARLES ESKRIDGE |
| CoreCivic, Inc, et al.<br>    Defendant. | §<br>§<br>§ | |

ORDER FOR CONFERENCE AND
DISCLOSURE OF INTERESTED PARTIES

1.   Counsel and all parties appearing *pro se* shall appear for an initial pretrial conference:

**September 3, 2020, at 01:30 PM**
Before the Hon. Charles Eskridge
United States District Judge
Courtroom 8B
United States Courthouse
515 Rusk Street
Houston, TX 77002

2.   Within **90 days** of filing the complaint or removing this suit from state court, the plaintiff or plaintiffs filing this suit or the party removing it must serve the opposing party or parties with copies of:

   o   This Order;
   o   The summons and complaint;
   o   The Court's procedures with all attachments.

Failure to file proof of service within that time may result in dismissal by the Court on its own initiative. *See* Fed. R. Civ. P. 4(m).

3.  Within **15 days** of receiving this Order, counsel for each party must file a list identifying all known attorneys of record and all entities that are financially interested in this litigation, including parent, subsidiary, and affiliated corporations. When a group description is effective disclosure, an individual listing is not necessary. Underline the names of corporations with publicly traded securities. Promptly amend the list when parties are added or additional interested parties are identified.

4.  At least **14 days** before the initial pretrial conference, counsel must complete and file the Joint Discovery/Case Management Plan using the form attached to the Court's procedures. *See* Fed R. Civ. P. 26(f).

5.  As an attachment to the Joint Discovery/Case Management Plan, counsel must complete and file a joint proposed scheduling order using the form attached to the Court's procedures. The parties must confer in good faith to seek agreement on deadlines for completion of all pretrial matters. Clearly identify any disagreements with reasons in support of the requests made.

6.  By the day of the conference, counsel must interview their clients and read all relevant documents.

7.  In advance of the conference, counsel must also discuss alternative dispute resolution with their clients and each other. At the conference, the Court will consider potential ADR methods suited to this case.

8.  Counsel designated of record as attorney-in-charge must appear at the initial pretrial conference. The Court permits substitution of counsel for this conference only on showing of good cause. File and seek ruling on any such motion well in advance of the conference.

9.  Any counsel or *pro se* party who appears at the conference must be:

    o   Fully familiar with the facts and the law applicable to the case;
    o   Prepared to argue any pending motion and to discuss any anticipated motion;

   o Prepared to discuss potential alternative dispute resolution methods suited to the case; and

   o Authorized to bind the client to stipulations relating to any and all matters discussed at the conference.

10. At or shortly after the conference, the Court will enter a scheduling order and may rule on any pending motions.

11. The parties are bound by this Order, the papers mentioned in No. 4 above, and the dates set out in the scheduling order to be entered in this case.

12. Failure to comply with this Order may result in sanctions, including dismissal of the action and assessment of expenses.

BY THE ORDER OF THE COURT