United States District Court
Southern District of Texas

**ENTERED**

July 06, 2020

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:20-cv-01828 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| CORECIVIC, INC, *et al,* | § | |
| Defendants. | § | |

MEMORANDUM AND OPINION
GRANTING MOTION TO PROCEED UNDER PSEUDONYM

The *ex parte* motion by Plaintiff Jane Doe to proceed under pseudonym is granted. Dkt 3.

This case concerns allegations of sexual assault. Doe is a citizen of Mexico. She spent three months in the custody of Immigration and Customs Enforcement at its Houston Processing Center. She alleges that on the afternoon of the day she was to be deported back to Mexico, three men separated her and two other detainees from the general population and sexually assaulted them. Doe and the two other women were then deported a few hours after the assault. Doe alleges that she became pregnant as a result and suffered life-threatening medical complications during the pregnancy and birth. Dkt 1 ¶¶ 3–5.

Doe sued Defendants CoreCivic, Inc, Warden Robert Lacy, Jr, Assistant Warden David Price, TransCor America, LLC, Trinity Services Group, the United States of America, the Department of Homeland Security, and ICE for perpetuating, allowing, or failing to prevent the sexual assault at the Houston Processing Center. Doe also seeks to hold accountable the three men who allegedly engaged in the assault, but she is currently unaware of their identities. Id at ¶ 6.

Doe moves to proceed under pseudonym. Dkt 3. She makes this request in order to protect herself from harassment, physical harm, ridicule, and personal embarrassment. Id at 1. She does so *ex parte* because Defendants had not yet answered or appeared at the time she filed the motion. Id at 16. Such *ex parte* motions are appropriate. For example, see *Doe v Griffon Management LLC*, 2014 WL 7040390, *1 (ED La); *Roe v Patterson*, 2019 WL 2407380, *1 (ED Tex).

Parties to an action in federal court must typically proceed by a designated name. Federal Rule of Civil Procedure 10(a) provides that all parties must be named in the title of the complaint. Rule 17(a)(1) further states, "An action must be prosecuted in the name of the real party in interest."

The Fifth Circuit holds this to be a matter of public importance. "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v Stegall*, 653 F2d 180, 185 (5th Cir 1981), citing *Richmond Newspapers Inc v Virginia*, 448 US 555, 580–81, n 17 (1980).

But in certain circumstances a party may proceed under pseudonym. The Fifth Circuit has advanced "no hard and fast formula for ascertaining whether a party may sue anonymously." *Stegall*, 653 F2d at 186. The consideration typically balances maintenance of a party's privacy against the presumption of openness in judicial proceedings. *Rose v Beaumont Independent School District*, 240 FRD 264, 266 (ED Tex 2007), citing *Stegall*, 653 F2d at 185; see also *Southern Methodist University Association of Women Law Students v Wynne & Jaffe*, 599 F2d 707, 712–13 (5th Cir 1979).

Courts applying this balancing test have permitted plaintiffs to use pseudonyms in three general categories of situations. The first is "when identification creates a severe and specific risk of retaliatory physical or mental harm." *W.D.O. v Harris County Sheriff Department*, 2005 WL 8169263, *2 (SD Tex); see also *Stegall*, 653 F2d at 186. The second is when anonymity is necessary "to preserve privacy in a matter of sensitive and highly personal nature."

*W.D.O.*, 2005 WL 8169263 at *2 (citations omitted). The third is when the anonymous party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution." *Stegall*, 653 F2d at 185.

This case of its very nature involves matters of the utmost privacy and intimacy—namely, the sexual assault that Doe and two other women allegedly endured while being held by ICE at the Houston Processing Center. These are sensitive and highly personal concerns. Such circumstances weigh overwhelmingly in favor of granting the motion to proceed under a pseudonym. Indeed, cases involving sexual assault have in many instances proceeded in such manner in the Southern District of Texas. For instance, see *Doe on behalf of MF v Harris County Precinct Six Constable Sylvia Trevino*, 2020 WL 1695054, *1 (SD Tex); *Doe v Wharton Independent School District*, 2017 WL 932935, *1 (SD Tex). This is so on ready acknowledgement that ensuring the anonymity of sexual assault survivors protects their confidentiality and dignity and is important to preventing additional psychological harm and humiliation. *Patterson*, 2019 WL 2407380 at *4, citing *Doe v Cabrera*, 307 FRD 1, 5 (DDC 2014).

Allowing Doe to proceed under a pseudonym at this point will not prejudice Defendants. She asserts that Defendants are already aware of her true identity because of a previously submitted administrative claim as a condition precedent to proceed under the Federal Tort Claims Act. Dkt 3 at 10. While they will have to make redactions and take measures not to disclose Doe's identity, her anonymity in court papers should not otherwise hinder their defense of this action. See *Doe No 2 v Kolko*, 242 FRD 193, 198 (EDNY 2006). But to be clear, because the Court proceeds *ex parte* at this juncture, Defendants are not precluded from moving for relief on this issue later if necessary.

The interest of the public in knowing Doe's identity does not outweigh her need for privacy in these circumstances. Doe asserts that information about this case will only be minimally restricted, with most of the pertinent facts made on the public record. The only part intended to be kept away from media attention is her actual identity. Dkt 3 at 11–12. Other courts have

noted a strong public interest in protecting the identities of sexual assault survivors so as not to deter other survivors from reporting such crimes. See *Cabrera*, 307 FRD at 5, quoting *Doe v De Amigos LLC,* No 11–cv–1755, slip op at 2 (DDC Apr 30, 2012); see also *Doe No 2*, 242 FRD at 195.

The *ex parte* motion to proceed by pseudonym is GRANTED. SO ORDERED.

Signed on July 6, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

4