**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| Jane Doe,<br><br>    Plaintiff,<br><br>v.<br><br>CoreCivic, Inc. f/k/a Corrections Corporation of America; CoreCivic of Tennessee, LLC; CoreCivic TRS, LLC; CoreCivic, LLC; Prison Realty Management, LLC; TransCor America, LLC; Trinity Services Group, Inc. a/k/a Trinity Corrections Services, Inc.; Robert Lacy, Jr.; David Price; Assailant 1; Assailant 2; Assailant 3; and the United States of America,<br><br>    Defendants. | No. 4:20-cv-01828 |

**DEFENDANTS CORECIVIC, INC., CORECIVIC OF TENNESSEE, LLC, CORECIVIC TRS, LLC, CORECIVIC, LLC, PRISON REALTY MANAGEMENT LLC, TRANSCOR AMERICA, LLC, ROBERT LACY, JR., AND DAVID PRICE'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE CHARLES ESKRIDGE:

Subject to their Motion to Strike Certain Original Complaint Allegations (Dkt. 27), Defendants CoreCivic, Inc., CoreCivic of Tennessee, LLC, CoreCivic TRS, LLC, CoreCivic, Prison Realty Management, LLC, TransCor America LLC, Robert Lacy, Jr., and David Price (collectively referred to as "CoreCivic Defendants") file this Original Answer to Plaintiff's Original Complaint (Doc. 1) and Jury Demand. CoreCivic denies each of the allegations contained in Plaintiff's Original Complaint and each claim for relief which is not

expressly admitted or otherwise pled to. CoreCivic admits, denies, and would respectfully show the Court as follows:

## ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

### I.    PRELIMINARY STATEMENT

1.    In answering Paragraph 1 of Plaintiff's Original Complaint, CoreCivic Defendants admit that CoreCivic, Inc. is a private detention/correctional services provider and that Plaintiff Jane Doe ("Plaintiff") was in the legal custody of the United States Immigration and Customs Enforcement agency ("ICE") at all times relevant to her subject March – June 2018 detention at CoreCivic's Houston Processing Center. CoreCivic Defendants deny the remaining allegations in Paragraph 1.

2.    In answering Paragraph 2 of Plaintiff's Original Complaint, CoreCivic Defendants admit that CoreCivic, Inc. owns and operates the Houston Processing Center ("HPC"). CoreCivic Defendants also admit CoreCivic, Inc. was formerly known as Corrections Corporation of America and that it contracted with ICE to provide ICE detention services at HPC since 2003. CoreCivic Defendants deny the remaining allegations and averments in Paragraph 2 of Plaintiff's Original Complaint.

3.    In answering Paragraph 3 of Plaintiff's Original Complaint, CoreCivic Defendants admit that Plaintiff was detained in ICE custody at HPC in March – June 2018 before she was deported to Mexico. CoreCivic Defendants admit that, during her detention at the Houston Processing Center, Plaintiff was typically housed in a general population dormitory with other detainees. CoreCivic Defendants deny the remaining allegations and averments in Paragraph 3 of Plaintiff's Original Complaint.

2

4. In answering Paragraph 4 of Plaintiff's Original Complaint CoreCivic Defendants admit that Plaintiff was deported to Mexico. CoreCivic Defendants deny the remaining allegations and averments in Paragraph 4 of Plaintiff's Original Complaint.

5. In answering Paragraph 5 of Plaintiff's Original Complaint, CoreCivic Defendants deny Plaintiff was raped or attacked at the Houston Processing Center. CoreCivic Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and averments in Paragraph 5 of Plaintiff's Original Complaint.

6. In answering Paragraph 6 of Plaintiff's Original Complaint CoreCivic Defendants admit Plaintiff has filed a civil action seeking monetary damages. CoreCivic Defendants deny the remaining allegations and averments in Paragraph 6 of Plaintiff's Original Complaint.

## II.   PARTIES

7. In answering Paragraph 7 of Plaintiff's Original Complaint, Defendants re-assert their answers to the foregoing paragraphs as if set forth fully herein.

8. In answering Paragraph 8 of Plaintiff's Original Complaint CoreCivic Defendants admit Plaintiff is an individual and former detainee of HPC. CoreCivic Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's citizenship and residency. CoreCivic Defendants deny the remaining allegations and averments in Paragraph 8 of Plaintiff's Original Complaint.

9. CoreCivic Defendants admit the allegations in Paragraph 9 of Plaintiff's Original Complaint.

10.     CoreCivic Defendants admit the allegations in Paragraph 10 of Plaintiff's Original Complaint.

11.     CoreCivic Defendants admit the allegations in Paragraph 11 of Plaintiff's Original Complaint.

12.     CoreCivic Defendants admit the allegations in Paragraph 12 of Plaintiff's Original Complaint.

13.     CoreCivic Defendants admit the allegations in Paragraph 13 of Plaintiff's Original Complaint.

14.     CoreCivic Defendants admit the allegations in Paragraph 14 of Plaintiff's Original Complaint.

15.     The allegations set forth in Paragraph 15 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required.  To the extent Paragraph 15 is directed toward these answering Defendants, CoreCivic Defendants admit that CoreCivic, Inc. has a contract with Defendant Trinity Service Group, Inc. to provide food services at HPC.

16.     CoreCivic Defendants admit the allegations in Paragraph 16 of Plaintiff's Original Complaint.

17.     CoreCivic Defendants admit the allegations in Paragraph 17 of Plaintiff's Original Complaint.

18.     In answering Paragraph 18 of Plaintiff's Original Complaint, CoreCivic Defendants deny that Plaintiff and two other women were attacked and sexually assaulted by CoreCivic Defendants.

19.   In answering Paragraph 19 of Plaintiff's Original Complaint, CoreCivic Defendants deny that Plaintiff and two other women were attacked and sexually assaulted by CoreCivic Defendants.

20.   In answering Paragraph 20 of Plaintiff's Original Complaint, CoreCivic Defendants deny that Plaintiff and two other women were attacked and sexually assaulted by CoreCivic Defendants. .

21.   The allegations set forth in Paragraph 21 of Plaintiff's Original Complaint are not directed to these answering Defendants and therefore no response is required.

### III.   JURISDICTION

22.   In response to Paragraph 22 of Plaintiff's Original Complaint, CoreCivic Defendants re-assert their answers to the foregoing paragraphs as if set forth fully herein.

23.   The allegations set forth in Paragraph 23 of Plaintiff's Original Complaint are not directed to these answering Defendants and therefore no response is required.  ..

24.   In answering Paragraph 24 of Plaintiff's Original Complaint, since CoreCivic Defendants are without knowledge or information sufficient to form a belief as to whether the Court has original jurisdiction over the United States of America in this case, Defendants are likewise without knowledge or information sufficient to form a belief as to whether the Court possesses supplemental jurisdiction over Plaintiff's claims against these answering Defendants. CoreCivic Defendants deny the remaining allegations and averments in Paragraph 24 of Plaintiff's Original Complaint.

25.   In answering Paragraph 25 of Plaintiff's Original Complaint, CoreCivic Defendants admit only that this Court may have diversity jurisdiction over claims asserted

against CoreCivic Defendants based upon the amount in controversy and citizenship of Defendants.

26. In answering Paragraph 26 of Plaintiff's Original Complaint, CoreCivic Defendants admit only that CoreCivic, Inc. and CoreCivic of Tennessee, LLC are registered to conduct business in the state of Texas; CoreCivic, Inc. owns the facility and real property that houses the Houston Processing Center; CoreCivic, Inc. contracted with ICE to operate the Houston Processing Center; and CoreCivic, Inc. was operating the Houston Processing Center pursuant to a contractual agreement with ICE at the time periods relevant to this lawsuit; and this Court has jurisdiction over claims asserted against CoreCivic, Inc. CoreCivic Defendants deny the remaining allegations and averments in Paragraph 26 of Plaintiff's Original Complaint.

27. In answering Paragraph 27 of Plaintiff's Original Complaint, CoreCivic Defendants admit only that CoreCivic, Inc. owned and operated the Houston Processing Center at the time period in question and this Court has jurisdiction over claims asserted against CoreCivic, Inc.. CoreCivic Defendants deny the remaining allegations and averments in Paragraph 27 of Plaintiff's Original Complaint.

28. In answering Paragraph 28 of Plaintiff's Original Complaint, CoreCivic Defendants admit that the Court has personal jurisdiction over CoreCivic Defendants Robert Lacy, Jr. and David Price. CoreCivic Defendants also admit that Defendant Robert Lacy, Jr. has been the Warden of HPC since 2006. CoreCivic Defendants deny that David Price is the Assistant Warden of HPC.

29.    In answering Paragraph 29 of Plaintiff's Original Complaint, CoreCivic Defendants deny Plaintiff was attacked and sexually assaulted CoreCivic Defendants at HPC. The remaining allegations set forth in Paragraph 29 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required.

## IV.    VENUE

30.    In response to Paragraph 30 of Plaintiff's Original Complaint, Defendants re-assert their answers to the foregoing paragraphs as if set forth fully herein.

31.    In answering Paragraph 31 of Plaintiff's Original Complaint, CoreCivic Defendants admit that venue is proper in the United States District Court for the Southern District of Texas, Houston Division. CoreCivic Defendants deny the remaining allegations and in Paragraph 31 of Plaintiff's Original Complaint.

## V.    CONDITIONS PRECEDENT

32.    In response to Paragraph 32 of Plaintiff's Original Complaint, Defendants re-assert their answers to the foregoing paragraphs as if set forth fully herein.

33.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and averments in Paragraph 33 of Plaintiff's Original Complaint.

34.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and averments in paragraph 34 of Plaintiff's Original Complaint.

7

## VI.   STATEMENT OF FACTS

**A.   ICE has a well-documented history of rampant sexual abuse within its privately-run immigration detention facilities.**

35.   In response to Paragraph 35 of Plaintiff's Original Complaint, Defendants re-assert their answers to the foregoing paragraphs as if set forth fully herein.

36.   The allegations in Paragraph 36 of Plaintiff's Original Complaint are immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike.  A response is not required. To the extent a response is required, CoreCivic Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph..

37.   The allegations in Paragraph 37 of Plaintiff's Original Complaint are immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike.  A response is not required. To the extent a response is required, CoreCivic Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38.   The allegations in Paragraph 38 of Plaintiff's Original Complaint are immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike.  A response is not required. To the extent a response is required, CoreCivic Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

39.   The allegations in Paragraph 39 of Plaintiff's Original Complaint are immaterial and impertinent to the claims against CoreCivic Defendants and Defendants

8

move to strike.  A response is not required. To the extent a response is required, CoreCivic Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40.     In answering Paragraph 40 of Plaintiff's Original Complaint, CoreCivic Defendants admit only that Congress enacted the Prison Rape Elimination Act ("PREA") and that the first sentence of Paragraph 40 accurately quotes certain findings issued by Congress in the PREA. Plaintiff's second sentence of paragraph 40 omits language from the PREA. CoreCivic Defendants deny any allegations of liability or sexual assault.

41.     CoreCivic Defendants admit the allegations in Paragraph 41 of Plaintiff's Original Complaint.  CoreCivic Defendants deny any allegations of liability sexual assault.

42.     In answering Paragraph 42 of Plaintiff's Original Complaint, CoreCivic Defendants admit only that, pursuant to PREA, ICE developed standards prohibiting certain conduct, and CoreCivic Defendants admit that the language quoted by Plaintiff is an accurate recitation of those standards. CoreCivic Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations and therefore, deny same.  .

43.     In answering Paragraph 43 of Plaintiff's Original Complaint, CoreCivic Defendants admit only that Congress has promulgated PREA regulations and that CoreCivic Inc. employs facility policies that provide for procedures to comply with the PREA (2003). CoreCivic Defendants deny any allegations of liability or sexual assault.

44.     In answering Paragraph 44 of Plaintiff's Original Complaint, this paragraph is not directed at CoreCivic Defendants.  Therefore, no response is required.  To the extent a response is required, CoreCivic Defendants deny any allegations of liability or sexual assault.

9

45.     The allegations in Paragraph 45 of Plaintiff's Original Complaint are immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike.  A response is not required. __ However, to the extent a response is required, Defendants admit they have a "zero tolerance" policy toward sexual assault and deny any allegations of liability or sexual assault.

46.     The allegations in Paragraph 46 of Plaintiff's Original Complaint are immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike.  A response is not required. _However, to the extent a response is required, Defendants deny any allegations of liability or sexual assault. __

47.     The allegations in Paragraph 47 of Plaintiff's Original Complaint are immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike.  A response is not required. _However, to the extent a response is required, Defendants deny any allegations of liability or sexual assault. __

48.     The allegations in Paragraph 48 of Plaintiff's Original Complaint are immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike.  A response is not required. _However, to the extent a response is required, Defendants deny any allegations of liability or sexual assault.

**B.      CoreCivic has a long and well-documented history of abusing, mistreating, and endangering detainees.**

49.     The allegations in Paragraph 49 of Plaintiff's Original Complaint are scandalous as well as immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike.  A response is not required.  However, to the extent a

10

response is required, Defendants admit only that Corrections Corporation of America was incorporated in 1983 and grew to be one of the largest private detention/corrections providers in the nation.  CoreCivic Defendants also admit that it owns and operates over one hundred correctional, detention and reentry facilities across the nation.  Defendants deny any allegations of liability, sexual assault or detainee/inmate mistreatment.

50.  The allegations in Paragraph 50 of Plaintiff's Original Complaint are scandalous as well as immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike.  A response is not required. However, to the extent a response is required, Defendants deny any allegations of liability, sexual assault, or detainee/inmate mistreatment.

51.  The allegations in Paragraph 51 of Plaintiff's Original Complaint are scandalous as well as immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike.  A response is not required. However, to the extent a response is required, Defendants deny any allegations of liability, sexual assault, or detainee/inmate mistreatment.

52.  The allegations in Paragraph 52 of Plaintiff's Original Complaint are scandalous as well as immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike.  A response is not required. However, to the extent a response is required, Defendants deny any allegations of liability, sexual assault, or detainee/inmate mistreatment.

53.  In answering Paragraph 53 of Plaintiff's Original Complaint, CoreCivic Defendants admit only that Defendants CoreCivic TRS, LLC owns TransCor America, LLC.

The remaining claims are scandalous as well as immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike. A response is not required. However, to the extent a response is required, Defendants deny any allegations of liability, sexual assault, or detainee/inmate mistreatment.

54. The allegations in Paragraph 54 of Plaintiff's Original Complaint are scandalous as well as immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike. A response is not required. However, to the extent a response is required, Defendants deny any allegations of liability, sexual assault, or detainee/inmate mistreatment.

55. The allegations in Paragraph 55 of Plaintiff's Original Complaint are scandalous as well as immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike. A response is not required. However, to the extent a response is required, Defendants deny any allegations of liability, sexual assault, or detainee/inmate mistreatment.

56. The allegations in Paragraph 56 of Plaintiff's Original Complaint are scandalous as well as immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike. A response is not required. However, to the extent a response is required, Defendants deny any allegations of liability, sexual assault, or detainee/inmate mistreatment.

57. The allegations in Paragraph 57 of Plaintiff's Original Complaint are scandalous as well as immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike. A response is not required. However, to the extent a response

is required, Defendants deny any allegations of liability, sexual assault, or detainee/inmate mistreatment.

58.    The allegations in Paragraph 58 of Plaintiff's Original Complaint are scandalous as well as immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike.  A response is not required. However, to the extent a response is required, Defendants admit only that Corrections Corporation of America is now known as CoreCivic.  Defendants deny any allegations of liability, sexual assault, or detainee/inmate mistreatment.

59.    The allegations in Paragraph 59 of Plaintiff's Original Complaint are immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike.  A response is not required. However, to the extent a response is required, Defendants deny any allegations of liability, sexual assault, or detainee/inmate mistreatment.

60.    The allegations in Paragraph 60 of Plaintiff's Original Complaint are immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike.  A response is not required.  However, to the extent a response is required, Defendants deny any allegations of liability, sexual assault, or detainee/inmate mistreatment.

**C.    Despite well-documented problems with CoreCivic, ICE contracts with CoreCivic to operate the Houston Processing Center.**

61.    The allegations in Paragraph 61 of Plaintiff's Original Complaint are scandalous as well as immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike.  A response is not required. However, to the extent a response is required, Defendants admit only that at the time periods relevant to this lawsuit, CoreCivic,

13

Inc. detained ICE detainees pursuant to a detention services contract with ICE.   Defendants deny any allegations of liability, sexual assault, or detainee/inmate mistreatment.

62.     In answering Paragraph 62 of Plaintiff's Original Complaint, CoreCivic Defendants admit only that HPC has capacity for approximately 1,000 detainees and that male and female detainees are held at this facility (but are housed separately). CoreCivic Defendants also admit that the facility comprises approximately 183,000 square feet with 26 dormitories that house between 20 to 60 detainees. CoreCivic Defendants also admit that CoreCivic, Inc. operates the Hutto Residential Center in Taylor, Texas. CoreCivic Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 of Plaintiff's Original Complaint.

63.     The allegations in Paragraph 63 of Plaintiff's Original Complaint are scandalous as well as immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike. To the extent a response is required, Defendants admit affirmatively allege that seven of the alleged allegations of sexual abuse were found either unsubstantiated or unfounded, and the reports do not indicate whether the allegations pertained to detainee or staff conduct.  Allegations of detainee deaths are immaterial and impertinent to the claims against CoreCivic Defendants.   More specifically, while Defendants admit that the audit cited by Plaintiff states there were eight reported allegations of "sexual abuse" – as that phrase is defined by PREA – at HPC between March of 2016 and March of 2017, the audit also reflects that none of the allegations during the audit period involved alleged abuse by staff members, only one allegation was substantiated, but

nonetheless, all allegations were referred to local law enforcement, ICE was notified, and none of the cases referred to the Houston Police Department were determined to be criminal.

64.     The allegations in Paragraph 64 of Plaintiff's Original Complaint are scandalous as well as immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike.  A response is not required. However, to the extent a response is required, Defendants deny any allegations of liability, sexual assault, or detainee/inmate mistreatment.

65.     The allegations in Paragraph 65 of Plaintiff's Original Complaint are scandalous as well as immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike.  A response is not required. However, to the extent a response is required, Defendants deny any allegations of liability, sexual assault, or detainee/inmate mistreatment.

66.     The allegations in Paragraph 65 of Plaintiff's Original Complaint are scandalous as well as immaterial and impertinent to the claims against CoreCivic Defendants and Defendants move to strike.  A response is not required. However, to the extent a response is required, Defendants deny any allegations of liability, sexual assault, or detainee/inmate mistreatment.

**D.     Plaintiff is attacked, raped, and impregnated while detained at the Houston Processing Center.**

67.     In answering Paragraph 67 of Plaintiff's Original Complaint, CoreCivic Defendants admit that Plaintiff was taken into ICE custody and detained at the Houston Processing Center in March 2018 and deported to Mexico on or about June 2, 2018.

CoreCivic Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and averments in Paragraph 67 of Plaintiff's Original Complaint, and therefore deny same.

68.     In answering Paragraph 68 of Plaintiff's Original Complaint, CoreCivic Defendants admit only that, while at the Houston Processing Center, Plaintiff was confined to a dormitory with other female detainees and issued clothing to include shirt, pants, bra, and underwear. CoreCivic Defendants deny the remaining allegations and averments in Paragraph 68 of Plaintiff's Original Complaint.

69.     In answering Paragraph 69 of Plaintiff's Original Complaint, CoreCivic Defendants admit that female detainees were supervised by female officers, and male detainees were housed in a separate area of the facility. As to the remaining allegations, CoreCivic Defendants lack sufficient information to form a belief as to the allegations and averments, and therefore deny same.

70.     In answering Paragraph 70 of Plaintiff's Original Complaint, CoreCivic Defendants admit only that Plaintiff was scheduled to be released from HPC and deported to Mexico on or about June 2, 2018. CoreCivic Defendants admit that, on or about June 1, Plaintiff was escorted to the Receiving & Discharge Unit.  As to the remaining allegations, CoreCivic Defendants are without sufficient information to form a belief as to the allegations and averments, and therefore deny same.

71.     CoreCivic Defendants deny the allegations and averments in Paragraph 71 of Plaintiff's Original Complaint.

16

72. CoreCivic Defendants deny the allegations and averments in Paragraph 72 of Plaintiff's Original Complaint.

73. CoreCivic Defendants deny the allegations and averments in Paragraph 73 of Plaintiff's Original Complaint.

74. CoreCivic Defendants deny the allegations and averments in Paragraph 74 of Plaintiff's Original Complaint.

75. CoreCivic Defendants deny the allegations and averments in Paragraph 75 of Plaintiff's Original Complaint.

76. CoreCivic Defendants deny the allegations and averments in Paragraph 76 of Plaintiff's Original Complaint.

77. CoreCivic Defendants deny the allegations and averments in Paragraph 77 of Plaintiff's Original Complaint.

78. CoreCivic Defendants deny the allegations and averments in Paragraph 78 of Plaintiff's Original Complaint.

79. In answering Paragraph 79 of Plaintiff's Original Complaint, CoreCivic Defendants admit only that Plaintiff was taken by bus from the Houston Processing Center to Laredo, Texas. CoreCivic Defendants deny and/or lack sufficient information to form a belief as to the remaining allegations and averments in Paragraph 79, and therefore deny same. .

80. CoreCivic Defendants deny the allegations and averments in paragraph 80 of Plaintiff's Original Complaint.

17

81.    CoreCivic Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and averments in Paragraph 81 of Plaintiff's Original Complaint, and therefore deny same.

82.    CoreCivic Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and averments in Paragraph 82 of Plaintiff's Original Complaint, and therefore deny same.

83.    CoreCivic Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and averments in Paragraph 83 of Plaintiff's Original Complaint, and therefore deny same.

84.    CoreCivic Defendants deny Plaintiff was raped at HPC. CoreCivic Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and averments in Paragraph 84 of Plaintiff's Original Complaint, and therefore deny same.

85.    CoreCivic Defendants deny Plaintiff was raped at HPC. CoreCivic Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and averments in Paragraph 85 of Plaintiff's Original Complaint, and therefore deny same.

86.    CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 86 of Plaintiff's Original Complaint, and therefore deny same.

87.     CoreCivic Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and averments in Paragraph 87 of Plaintiff's Original Complaint, and therefore deny same.

88.     CoreCivic Defendants deny the allegations and averments in Paragraph 88 of Plaintiff's Original Complaint.

## VII.   CAUSES OF ACTION

### COUNT 1:  NEGLIGENCE
### Against: CoreCivic Defendants, Defendant Lacy, & Defendant Price

89.     In response to Paragraph 89 of Plaintiff's Original Complaint, Defendants re-assert their answers to the foregoing paragraphs as if set forth fully herein.

90.     The allegations in Paragraph 90 of Plaintiff's Original Complaint constitute legal conclusions to which no answer is required. However, to the extent an answer is required, CoreCivic Defendants deny the allegations and averments in this paragraph as phrased.

91.     CoreCivic Defendants deny the allegations and averments in Paragraph 91 of Plaintiff's Original Complaint.

92.     CoreCivic Defendants deny the allegations and averments in Paragraph 92 of Plaintiff's Original Complaint.

93.     The allegations in Paragraph 93 of Plaintiff's Original Complaint constitute legal conclusions to which no answer is required. However, to the extent an answer is required, CoreCivic Defendants deny the allegations and averments in this paragraph as phrased.

94.     CoreCivic Defendants deny the allegations and averments in Paragraph 94 of Plaintiff's Original Complaint.

95.     CoreCivic Defendants deny the allegations and averments in Paragraph 95 of Plaintiff's Original Complaint.

96.     CoreCivic Defendants deny the allegations and averments in Paragraph 96 of Plaintiff's Original Complaint.

97.     CoreCivic Defendants deny the allegations and averments in Paragraph 97 of Plaintiff's Original Complaint.

98.     CoreCivic Defendants deny the allegations and averments in Paragraph 98 of Plaintiff's Original Complaint.

99.     The allegations in Paragraph 99 of Plaintiff's Original Complaint constitute legal conclusions to which no answer is required. However, to the extent an answer is required, CoreCivic Defendants deny the allegations and averments in this paragraph as phrased.

100.    CoreCivic Defendants deny the allegations and averments in this paragraph as phrased.

101.    CoreCivic Defendants deny the allegations and averments in Paragraph 101 of Plaintiff's Original Complaint. Defendants affirmatively allege that ICE Health Services Corp. provides medical and mental healthcare at HPC.

102.    CoreCivic Defendants deny the allegations and averments in paragraph 102 of Plaintiff's Original Complaint

20

103.    CoreCivic Defendants deny the allegations and averments in Paragraph 103 of Plaintiff's Original Complaint.

104.    CoreCivic Defendants deny the allegations and averments in Paragraph 104 of Plaintiff's Original Complaint.

## COUNT 2:  NEGLIGENT SUPERVISION
### Against: CoreCivic Defendants, Defendant Lacy, & Defendant Price

105.    In response to Paragraph 105 of Plaintiff's Original Complaint, CoreCivic Defendants re-assert their answers to the foregoing paragraphs as if set forth fully herein

106.    The allegations in Paragraph 106 of Plaintiff's Original Complaint constitute legal conclusions to which no answer is required. However, to the extent an answer is required, CoreCivic Defendants deny the allegations and averments in this paragraph as phrased.

107.    The allegations in Paragraph 107 of Plaintiff's Original Complaint constitute legal conclusions to which no answer is required. However, to the extent an answer is required, CoreCivic Defendants deny the allegations and averments in this paragraph as phrased.

108.    CoreCivic Defendants deny the allegations and averments in Paragraph 108 of Plaintiff's Original Complaint.

109.    CoreCivic Defendants deny the allegations and averments in Paragraph 109 of Plaintiff's Original Complaint.

110.    CoreCivic Defendants deny the allegations and averments in Paragraph 110 of Plaintiff's Original Complaint.

21

111.     CoreCivic Defendants deny the allegations and averments in Paragraph 111 of Plaintiff's Original Complaint.

112.     CoreCivic Defendants deny the allegations and averments in Paragraph 112 of Plaintiff's Original Complaint.

### COUNT 3:  NEGLIGENT HIRING & NEGLIGENT RETENTION
### Against: CoreCivic Defendants, Defendant Lacy, & Defendant Price

113.     In response to Paragraph 113 of Plaintiff's Original Complaint, CoreCivic Defendants re-assert their answers to the foregoing paragraphs as if set forth fully herein.

114.     CoreCivic Defendants deny the allegations and averments in Paragraph 114 of Plaintiff's Original Complaint.

115.     CoreCivic Defendants deny the allegations and averments in Paragraph 115 of Plaintiff's Original Complaint.

116.     CoreCivic Defendants deny the allegations and averments in Paragraph 116 of Plaintiff's Original Complaint.

117.     The allegations in Paragraph 117 of Plaintiff's Original Complaint constitute legal conclusions to which no answer is required. However, to the extent an answer is required, CoreCivic Defendants deny the allegations and averments in this paragraph as phrased.

118.     The allegations in Paragraph 118 of Plaintiff's Original Complaint constitute legal conclusions to which no answer is required. However, to the extent an answer is required, CoreCivic Defendants deny the allegations and averments in this paragraph as phrased.

119.    The allegations in Paragraph 119 of Plaintiff's Original Complaint constitute legal conclusions to which no answer is required. However, to the extent an answer is required, CoreCivic Defendants deny the allegations and averments in this paragraph as phrased.

120.    The allegations in Paragraph 120 of Plaintiff's Original Complaint constitute legal conclusions to which no answer is required. However, to the extent an answer is required, CoreCivic Defendants deny the allegations and averments in this paragraph as phrased.

121.    The allegations in paragraph 121 of Plaintiff's Original Complaint constitute legal conclusions to which no answer is required. However, to the extent an answer is required, CoreCivic Defendants deny the allegations and averments in this paragraph as phrased.

122.    CoreCivic Defendants deny the allegations and averments in Paragraph 122 of Plaintiff's Original Complaint.

123.    CoreCivic Defendants deny the allegations and averments in Paragraph 123 of Plaintiff's Original Complaint.

### COUNT 4:  PREMISES LIABILITY
**Against: CoreCivic Defendants, Defendant Lacy, & Defendant Price**

124.    In response to Paragraph 124 of Plaintiff's Original Complaint, CoreCivic Defendants re-assert their answers to the foregoing paragraphs as if set forth fully herein.

125.    In answering Paragraph 125 of Plaintiff's Original Complaint, CoreCivic Defendants admit only that CoreCivic, Inc. owns and operates HPC.

126. In answering Paragraph 126 of Plaintiff's Original Complaint, CoreCivic Defendants admit only that CoreCivic, Inc. owns and operates HPC and that facility wardens oversee the operations of the facility.

127. In answering Paragraph 127 of Plaintiff's Original Complaint, CoreCivic Defendants admit only that while detained at HPC during the relevant time period, Plaintiff was in the legal custody of ICE and the physical custody of CoreCivic Inc. CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations and averments in this paragraph, and therefore deny same.

128. The allegations in Paragraph 128 of Plaintiff's Original Complaint constitute legal conclusions to which no answer is required. However, to the extent an answer is required, CoreCivic Defendants deny the allegations and averments in this paragraph as phrased.

129. The allegations in Paragraph 129 of Plaintiff's Original Complaint constitute legal conclusions to which no answer is required. However, to the extent an answer is required, CoreCivic Defendants deny the allegations and averments in this paragraph as phrased.

130. The allegations in Paragraph 130 of Plaintiff's Original Complaint constitute legal conclusions to which no answer is required. However, to the extent an answer is required, CoreCivic Defendants deny the allegations and averments in this paragraph as phrased.

131. The allegations in Paragraph 131 of Plaintiff's Original Complaint constitute legal conclusions in which no answer is required. However, to the extent an answer is

24

required, CoreCivic Defendants deny the allegations and averments in this paragraph as phrased.

132.   CoreCivic Defendants deny the allegations and averments in Paragraph 132 of Plaintiff's Original Complaint.

133.   CoreCivic Defendants deny the allegations and averments in Paragraph 133 of Plaintiff's Original Complaint.

134.   CoreCivic Defendants deny the allegations and averments in Paragraph 134 of Plaintiff's Original Complaint

135.   CoreCivic Defendants deny the allegations and averments in Paragraph 135 of Plaintiff's Original Complaint.

### COUNT 5:  VICARIOUS LIABILITY
### Against: CoreCivic Defendants, Defendant Lacy, & Defendant Price

136.   In response to paragraph 136 of Plaintiff's Original Complaint, CoreCivic Defendants re-assert their answers to the foregoing paragraphs as if set forth fully herein.

137.   The allegations in Paragraph 137 of Plaintiff's Original Complaint constitute legal conclusions to which no answer is required. However, to the extent an answer is required, CoreCivic Defendants deny the allegations and averments in this paragraph as phrased.

138.   CoreCivic Defendants deny the allegations and averments in Paragraph 138 of Plaintiff's Original Complaint.

139.   CoreCivic Defendants deny the allegations and averments in Paragraph 139 of Plaintiff's Original Complaint.

140.    CoreCivic Defendants deny the allegations and averments in Paragraph 140 of Plaintiff's Original Complaint.

141.    CoreCivic Defendants deny the allegations and averments in Paragraph 141 of Plaintiff's Original Complaint. CoreCivic Defendants affirmatively allege that CoreCivic Defendants did not sanction, direct, or actively participate in any wrongful conduct toward Plaintiff.

142.    CoreCivic Defendants deny the allegations and averments in Paragraph 142 of Plaintiff's Original Complaint.

## COUNT 6:  GROSS NEGLIGENCE
### Against: CoreCivic Defendants, Defendant Lacy, & Defendant Price

143.    In response to paragraph 143 of Plaintiff's Original Complaint, CoreCivic Defendants re-assert their answers to the foregoing paragraphs as if set forth fully herein.

144.    CoreCivic Defendants deny the allegations and averments in Paragraph 144 of Plaintiff's Original Complaint.

145.    CoreCivic Defendants deny the allegations and averments in Paragraph 145 of Plaintiff's Original Complaint.

146.    CoreCivic Defendants deny the allegations and averments in Paragraph 146 of Plaintiff's Original Complaint.

147.    CoreCivic Defendants deny the allegations and averments in Paragraph 147 of Plaintiff's Original Complaint.

148.    CoreCivic Defendants deny the allegations and averments in Paragraph 148 of Plaintiff's Original Complaint.

149.   CoreCivic Defendants deny the allegations and averments in Paragraph 149 of Plaintiff's Original Complaint.

**COUNT 7:  ASSAULT & BATTERY**
**Against: Defendants Assailant 1, Assailant 2, and Assailant 3**

150.   In response to paragraph 150 of Plaintiff's Original Complaint, CoreCivic Defendants re-assert their answers to the foregoing paragraphs as if set forth fully herein.

151.   The allegations set forth in Paragraph 151 of Plaintiff's Original Complaint are not directed to these answering Defendants and therefore no response is required.  To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

152.   The allegations set forth in Paragraph 152 of Plaintiff's Original Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

153.   The allegations set forth in Paragraph 153 of Plaintiff's Original Complaint are not directed to these answering Defendants and therefore no response is required.  To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

154.   The allegations set forth in Paragraph 154 of Plaintiff's Original Complaint are not directed to these answering Defendants and therefore no response is required.  To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

155. The allegations set forth in Paragraph 155 of Plaintiff's Original Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

156. The allegations set forth in Paragraph 156 of Plaintiff's Original Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

## COUNT 8: FALSE IMPRISONMENT
### Against: Defendants Assailant 1, Assailant 2, and Assailant 3

157. In response to paragraph 157 of Plaintiff's Original Complaint, CoreCivic Defendants re-assert their answers to the foregoing paragraphs as if set forth fully herein.

158. The allegations set forth in Paragraph 158 of Plaintiff's Original Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

159. The allegations set forth in Paragraph 159 of Plaintiff's Original Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

160. The allegations set forth in Paragraph 160 of Plaintiff's Original Complaint are not directed to these answering Defendants and therefore no response is required. To the

extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

161.    The allegations set forth in Paragraph 161 of Plaintiff's Original Complaint are not directed to these answering Defendants and therefore no response is required.  To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

162.    The allegations set forth in Paragraph 162 of Plaintiff's Original Complaint are not directed to these answering Defendants and therefore no response is required.  To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

## COUNT 9:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Against: Defendants Assailant 1, Assailant 2, and Assailant 3

163.    In response to paragraph 163 of Plaintiff's Original Complaint, CoreCivic Defendants re-assert their answers to the foregoing paragraphs as if set forth fully herein.

164.    The allegations set forth in Paragraph 164 of Plaintiff's Original Complaint are not directed to these answering Defendants and therefore no response is required.  To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

165.    The allegations set forth in Paragraph 165 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required.  To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

166. The allegations set forth in Paragraph 166 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

167. The allegations set forth in Paragraph 167 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

168. The allegations set forth in Paragraph 168 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

169. The allegations set forth in Paragraph 169 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

170. The allegations set forth in Paragraph 170 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

## COUNT 10:  MALICE AND GROSS NEGLIGENCE
### Against: Defendants Assailant 1, Assailant 2, and Assailant 3

171.    In response to paragraph 171 of Plaintiff's Original Complaint, CoreCivic Defendants re-assert their answers to the foregoing paragraphs as if set forth fully herein.

172.    The allegations set forth in Paragraph 172 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required.  To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.  Defendants deny the allegations and averments in paragraph 172 of Plaintiff's Original Complaint.

173.    The allegations set forth in Paragraph 173 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required.  To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

174.    The allegations set forth in Paragraph 174 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required.  To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

## COUNT 11:  FEDERAL TORT CLAIMS ACT - NEGLIGENCE
### Against: Defendant United States

175.    In response to paragraph 175 of Plaintiff's Original Complaint, CoreCivic Defendants re-assert their answers to the foregoing paragraphs as if set forth fully herein.

176.    The allegations set forth in Paragraph 176 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required.  To the extent

this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

177. The allegations set forth in Paragraph 177 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

178. The allegations set forth in Paragraph 178 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

179. The allegations set forth in Paragraph 179 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

180. The allegations set forth in Paragraph 180 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

181. The allegations set forth in Paragraph 181 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

182. The allegations set forth in Paragraph 182 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

183. The allegations set forth in Paragraph 183 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

184. The allegations set forth in Paragraph 184 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

185. The allegations set forth in Paragraph 185 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

186. The allegations set forth in Paragraph 186 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

187. The allegations set forth in Paragraph 187 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent

this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

188.   The allegations set forth in Paragraph 188 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required.  To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

189.   The allegations set forth in Paragraph 189 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required.  To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

190.   The allegations set forth in Paragraph 190 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required.  To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

### COUNT 12:  FEDERAL TORT CLAIMS ACT – ASSAULT & BATTERY
### Against: Defendant United States

191.   In response to paragraph 191 of Plaintiff's Original Complaint, CoreCivic Defendants re-assert their answers to the foregoing paragraphs as if set forth fully herein.

192.   The allegations set forth in Paragraph 192 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required.  To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

193. The allegations set forth in Paragraph 193 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

194. The allegations set forth in Paragraph 194 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

195. The allegations set forth in Paragraph 195 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

196. The allegations set forth in Paragraph 196 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

197. The allegations set forth in Paragraph 197 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

198. The allegations set forth in Paragraph 198 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent

this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

199. The allegations set forth in Paragraph 199 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

## COUNT 13: FEDERAL TORT CLAIMS ACT – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Against: Defendant United States

200. In response to paragraph 200 of Plaintiff's Original Complaint, CoreCivic Defendants re-assert their answers to the foregoing paragraphs as if set forth fully herein.

201. The allegations set forth in Paragraph 201 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

202. The allegations set forth in Paragraph 202 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

203. The allegations set forth in Paragraph 203 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

204. The allegations set forth in Paragraph 204 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

205. The allegations set forth in Paragraph 205 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

206. The allegations set forth in Paragraph 206 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

207. The allegations set forth in Paragraph 207 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

208. The allegations set forth in Paragraph 208 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

209. The allegations set forth in Paragraph 209 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent

this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

## COUNT 14:  FEDERAL TORT CLAIMS ACT – FALSE IMPRISONMENT
### Against: Defendant United States

210.    In response to paragraph 210 of Plaintiff's Original Complaint, CoreCivic Defendants re-assert their answers to the foregoing paragraphs as if set forth fully herein.

211.    The allegations set forth in Paragraph 211 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required.  To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

212.    The allegations set forth in Paragraph 212 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required.  To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

213.    The allegations set forth in Paragraph 213 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required.  To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

214.    The allegations set forth in Paragraph 214 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required.  To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

215. The allegations set forth in Paragraph 215 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

216. The allegations set forth in Paragraph 216 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

217. The allegations set forth in Paragraph 217 of Plaintiff's Complaint are not directed to these answering Defendants and therefore no response is required. To the extent this paragraph is directed toward these answering Defendants, CoreCivic Defendants deny same.

## VIII. DAMAGES

218. In response to paragraph 218 of Plaintiff's Original Complaint, CoreCivic Defendants re-assert their answers to the foregoing paragraphs as if set forth fully herein.

219. CoreCivic Defendants deny the allegations and averments in Paragraph 219 of Plaintiff's Original Complaint.

220. CoreCivic Defendants deny the allegations and averments in Paragraph 220 of Plaintiff's Original Complaint.

221. CoreCivic Defendants deny the allegations and averments in Paragraph 221 of Plaintiff's Original Complaint.

222.   CoreCivic Defendants deny the allegations and averments in Paragraph 222 of Plaintiff's Original Complaint.

## IX.   EXEMPLARY DAMAGES

223.   In response to paragraph 223 of Plaintiff's Original Complaint, CoreCivic Defendants re-assert their answers to the foregoing paragraphs as if set forth fully herein.

224.   CoreCivic Defendants deny the allegations and averments in Paragraph 224 of Plaintiff's Original Complaint.

## X.   JURY TRIAL DEMANDED

225.   In response to paragraph 225 of Plaintiff's Original Complaint, CoreCivic Defendants admit Plaintiff has demanded a jury and request the same as to all triable claims.

## XI.   PRAYER

CoreCivic Defendants deny that Plaintiff is entitled to the damages and other relief requested in her PRAYER.

## AFFIRMATIVE DEFENSES

1.   CoreCivic Defendants allege that some or all of Plaintiff's claims are barred by the statute of limitations.

2.   CoreCivic Defendants allege that Plaintiff fails to state a claim, in whole or in part, for which any relief may be granted against these Defendants.

3.   CoreCivic Defendants allege that Plaintiff lacks standing to assert claims against Defendants.

4. CoreCivic Defendants allege that Plaintiff asserts claims, in whole or in part, for which this Court lacks general and/or personal jurisdiction as to one or all CoreCivic Defendants.

5. CoreCivic Defendants allege they did not breach any duty to Plaintiff.

6. CoreCivic Defendants hereby plead their rights under Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

7. CoreCivic Defendants allege that Plaintiff's vicarious liability claims fail, in whole or in part, because CoreCivic Defendants cannot be held vicariously liable for intentional conduct.

8. CoreCivic Defendants allege that Plaintiff's vicarious liability claims fail, in whole or in part, because CoreCivic Defendants cannot be held vicariously liable for conduct that is unauthorized, criminal, and/or occurs outside the course and scope of employment.

9. CoreCivic Defendants allege that Plaintiff's damages were not caused or proximately caused by Defendant's conduct or by any Defendants' employee's conduct.

10. CoreCivic Defendants allege they did not create the condition that allegedly made Plaintiff's harm possible.

11. CoreCivic Defendants allege that Plaintiff cannot establish cause in fact.

12. Defendant alleges that any act or omission by CoreCivic Defendants was not a substantial factor in causing Plaintiff's alleged harm or injuries.

13. CoreCivic Defendants allege that Plaintiff cannot prove foreseeability of harm.

14. Defendant alleges that no person of ordinary intelligence would have anticipated the danger created by CoreCivic Defendants' acts or omissions.

41

15. CoreCivic Defendants allege that the danger of the alleged injury's general character could not have been reasonably anticipated.

16. CoreCivic Defendants allege that Plaintiff's allegations are based merely on mere conjecture, guess, or speculation.

17. CoreCivic Defendants allege that any act or omission on their party did not involve an unreasonable or extreme degree of risk or harm.

18. CoreCivic Defendants allege that they did not proceed in conscious or deliberate indifference to Plaintiff's rights, safety, or welfare.

19. CoreCivic Defendants allege that they did not authorize or ratify any employee/agent's negligence, gross negligence, intentional, or criminal conduct; or negligently hire, supervise, or retain an unfit employee/agent.

20. CoreCivic Defendants allege the allegations do not involve the conduct of a vice-principal.

21. CoreCivic Defendants allege they acted in a reasonable and prudent manner to protect Plaintiff from known and foreseeable risks of harm.

22. CoreCivic Defendants allege that an intervening force was a superseding cause of Plaintiff's alleged damages and harms.

23. CoreCivic Defendants allege that a new and independent cause intervened between any alleged negligent conduct by Defendant and Plaintiff's alleged injury.

24. CoreCivic Defendants allege that the acts, omissions, and damages alleged in Plaintiff's Original Complaint were the result of acts or omissions of third parties.

42

25. CoreCivic Defendants allege that Plaintiff's alleged damages were the result of assumption of the risk.

26. Defendant alleges Plaintiff cannot establish damages

27. CoreCivic Defendants allege that Plaintiff's claims and causes of action, if any, against CoreCivic Defendants are barred, in whole or in part, because Plaintiff failed to mitigate her damages.

28. Defendant alleges Plaintiff was solely or comparatively at fault for her alleged injuries.

29. CoreCivic Defendants allege that they specifically plead and incorporate by reference all applicable caps and limitations upon any award of damages, including, but not limited to, economic, noneconomic, compensatory, and punitive damages, which are provided by state or federal law, including but not limited to, the damage caps provided by the Texas Civil Practice and Remedies Code.

30. CoreCivic Defendants allege that they invoke their right to reduction of any verdict that may be rendered in this cause by credit for payments made by other persons or by percentage reduction to which CoreCivic Defendants would be entitled.

31. CoreCivic Defendants allege that Plaintiff's recovery of medical or health care expenses, if any, is limited to the amounts actually paid or incurred by or on behalf of Plaintiff. TEX. CIV. PRAC. & REM. CODE § 41.0105.

32. CoreCivic Defendants allege that in the unlikely event that the jury awards Plaintiff exemplary or punitive damages, the damages are subject to the limitations contained

in sections 41.007, 41.008, 41.010, 41.011 and 41.012 of the Texas Civil Practice and Remedies Code.

33.    CoreCivic Defendants allege that in the unlikely event that the jury awards Plaintiff exemplary or punitive damages, CoreCivic Defendants would show that such damages are inappropriate and impermissible under the law due to the following:

a. Punitive or exemplary damages are criminal, or quasi-criminal in nature, and Plaintiffs should be required to prove the basis of such damages beyond a reasonable doubt and the failure to require the same is a denial of due process under law and a denial of equal protection of the law as prescribed under the United States Constitution and the Constitution of the State of Texas.

b. An award of punitive or exemplary damages would constitute a taking of property without due process of law as guaranteed by the United States Constitution and the Constitution of the State of Texas.

c. It is a denial of due process of law and of equal protection of the law under the United States Constitution and the Constitution of the State of Texas to permit a corporation to be vicariously liable for punitive or exemplary damages which were awarded on the basis of alleged acts or omissions of employees, agents, representatives, of the corporation under the doctrine of respondeat superior or any other vicarious liability doctrine.

d. Punitive and/or exemplary damages constitute an unjust enrichment by reason of the unconstitutional taking of property without due process of law as provided under the United States Constitution and the Constitution of the State of Texas.

e. Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous on its face as well as in its application, that it denies Defendants due process of law and equal protection of the law as provided under the United States Constitution and the Constitution of the State of Texas.

f. Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that it prevents courts and juries from consistently applying the law, and therefore, further prevents effective judicial review of any such punitive damages awards.

g. Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that the basis of such damages cannot be clearly and readily ascertained in advance so as guide the behavior of individuals in the their actions, thus constituting an ex-post

44

    facto law specifically prohibited by the United States Constitution and the Constitution in the State of Texas.

h. An award of punitive and exemplary damages violates the excessive fines clause of the Eighth Amendment as applied to the Fourteenth Amendment of the United States Constitution.

i. The defendant who is subject to the award does not have the right to refuse to testify against him/her/itself but must in fact take the stand and/or give deposition testimony or subject him/her/itself to the consequences of a default judgment.

34. CoreCivic Defendants allege that in the unlikely event Plaintiff is adjudged to be entitled to any damages in this matter, which CoreCivic Defendants deny, Plaintiff is not entitled to recover prejudgment interest on any future damages. CoreCivic Defendants would show that, as a matter of law, interest on damages yet to accrue is not compensatory and is, consequently, a penalty which would be imposed even absent a finding of gross negligence, or rather, for a lesser level or degree of culpability for which a penalty is not authorized by law. See TEX. FIN. CODE § 304.1045.

35. CoreCivic Defendants allege that they assert the defense of comparative responsibility and ask the Jury to determine the percentage of responsibility of each person or entity, whether or not joined in this lawsuit, for the injuries and damages about which Plaintiff complains.

36. CoreCivic Defendants allege that pursuant to the provisions of the Texas Civil Practice & Remedies Code, CoreCivic Defendants' liability, if any, in this matter is limited, and CoreCivic Defendants request that the appropriate limitations be imposed by the Court upon any verdict rendered in this cause.

37. CoreCivic Defendants allege that CoreCivic Defendants assert the right to contribution and/or indemnity under the laws of the State of Texas, from any other person or entity, regardless of whether a party, who is found to have caused or contributed to the injuries and/or damages alleged by Plaintiff.

38. CoreCivic Defendants allege that they request jury instructions on sole proximate cause and/or sole producing cause.

39. CoreCivic Defendants allege that they are entitled to all privileges and immunities extended to governmental entities and their contractors under federal and state law, including but not limited to sovereign immunity, absolute immunity, and qualified immunity.

40. CoreCivic Defendants allege that as a government contractor, it cannot be liable for performing in conformity with specifications established by ICE, and that it is shielded from liability. Defendants put Plaintiff on notice that future discovery may reveal additional facts which would support these and other affirmative defenses available to, but unknown by, Defendants, including those defenses set forth in Federal Rules of Civil Procedure 8, 12, and 19, including but not limited to statute of limitations, assumption of risk, contributory negligence, release, res judicata, waiver, fraud, failure to state a claim upon which relief may be granted, and failure to join a party

## JURY DEMAND

41. CoreCivic Defendants hereby demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants CoreCivic, Inc. f/k/a Corrections Corporation of America, CoreCivic of Tennessee, LLC, CoreCivic TRS, LLC,

CoreCivic, LLC, Prison Realty Management, LLC, TransCor America, LLC, Robert Lacy, Jr., and David Price respectfully request that this Court enter judgment in their favor and against Plaintiff, award these Defendants with their costs, and grant such other and further relief as this Court deems just, proper, and necessary.

Respectfully submitted,

By:    /s/Daniel P. Struck
       Daniel P. Struck, Attorney-in-Charge
       Federal Court ID No. 012377
       STRUCK LOVE BOJANOWSKI & ACEDO, PLC
       3100 West Ray Road, Suite 300
       Chandler, Arizona 85226
       Telephone: (480) 420-1600
       Fax: (480) 420-1695
       dstruck@strucklove.com

       *Attorney for Defendants,*
       *CoreCivic, Inc. f/k/a Corrections*
       *Corporation of America, CoreCivic of*
       *Tennessee, LLC, CoreCivic TRS, LLC,*
       *CoreCivic, LLC, Prison Realty*
       *Management, LLC, TransCor America,*
       *LLC, Robert Lacy, Jr., and David Price*

OF COUNSEL:

Rachel Love, AZ Bar No. 019881
Admitted Pro Hac Vice
Ashlee B. Hesman, AZ Bar No. 028874
Admitted Pro Hac Vice
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
rlove@strucklove.com
ahesman@strucklove.com

47

Nicole G. Andrews
Federal Bar No. 31189
Texas Bar No. 00792335
Chris M. Knudsen
Federal Bar No. 432022
Texas Bar No. 24041268
SERPE JONES ANDREWS
CALLENDER & BELL, PLLC
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
Telephone: (713) 452-4400
Facsimile:  (713) 452-4499
Emails: nandrews@serpejones.com,
cknudsen@serpejones.com

48

## CERTIFICATE OF SERVICE

I hereby certify that, on July 14, 2020, a true and correct copy of the foregoing instrument has served on the following counsel of record via the Southern District of Texas' electronic case filing system:

| | |
|---|---|
| Michelle Simpson Tuegel | michelle@stfirm.com |
| Jose Sanchez | jose@attorneysanchez.com |
| Morgan A. McPheeters | morgan@mcpheeterslaw.com |
| Fred T. Hinrichs | fred.hinrichs@usdoj.gov |

and I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is **not** a registered participant of the CM/ECF System:

N/A

/s/Daniel P. Struck
Daniel P. Struck

1188667v1

49