UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | CIVIL ACTION NO. |
| *Plaintiff,* | § | |
| | § | 4:20-cv-1828 |
| | § | |
| CORECIVIC, INC., ET AL, | § | |
| | § | |
| *Defendants.* | § | |

# DEFENDANT UNITED STATES OF AMERICA'S
# ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND

Defendant United States of America sets forth its answer to "Plaintiff's Original Complaint & Jury Demand" (Doc. 1), as follows:

## FIRST DEFENSE

The Court lacks jurisdiction over all or part of the complaint, and the complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The United States pleads sovereign immunity as a complete defense. Plaintiff's exclusive remedy lies against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.;* and all statutory limitations on recovery and ambiguities are strictly construed in favor of the sovereign. *FDIC v. Meyer*, 510 U.S. 471 (1994); *Willoughby v. United States ex rel. U.S. Dep't of Army*, 730 F.3d 476 (5th Cir. 2013).

### THIRD DEFENSE

Plaintiff has erroneously named the Department of Homeland Security ("DHS"), and Immigration and Customs Enforcement ("ICE") as defendants, which are immune from suit under the FTCA. *Atorie Air v. F.A.A.*, 942 F.2d 954, 957 (5th Cir. 1991).

### FOURTH DEFENSE

The United States pleads that plaintiff has failed to allege a negligent act or omission by an employee of the United States while acting in the scope of his or her duties. *Davis v. United States*, 474 F.Supp.2d 829, 832 (N.D. Tex. 2007); *Linke v. United States*, Nos. 14-cv-444, 14-cv-445, 1015 WL 12743611 (W.D. Tex. Mar. 31, 2015) (Smith, J.) ("The intentional tort of assault is 'not generally considered to be within the scope of an employee's authority'").

### FIFTH DEFENSE

The United States is not liable for acts or omissions beyond the scope of an employee's official duties, or for intentional and negligent acts of third parties or independent contractors.

### SIXTH DEFENSE

The United States pleads that plaintiff's claims of negligent hiring, training, and supervision are barred by the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a), and by plaintiff's failure to raise these claims administratively; claims for negligent *hiring, training and supervision* constitute entirely separate claims that must be pleaded within an administrative tort claim. *Kikumura v. Osagie*, 461 F.3d 1269, 1285-86 (10th Cir. 2006); *Davila-Bajana v. Sherman*, 278 Fed.Appx. 91, 94 (3rd Cir. 2008).

SEVENTH DEFENSE

The United States pleads sovereign immunity as a complete defense in that the conduct complained of falls within the intentional tort exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(h), or otherwise "arises out of" one or more excepted torts.

EIGHTH DEFENSE

The United States pleads plaintiff's failure to state a claim upon which relief can be had under Fed. R. Civ. P. 12(b)(6), and plaintiff has failed to satisfy her Rule 8(a)(2) obligation to present "a short and plain statement of the claim showing that the pleader is entitled to relief."

NINTH DEFENSE

The United States pleads that a majority of the allegations (paragraphs 36-66) consist of excerpts from second-hand statements, biased articles, inaccurate facts, and hearsay, which are "immaterial, impertinent, and scandalous," and having no relation to the subject matter of this action, and should be stricken by the court. Fed. R. Civ. P. 12(f).

TENTH DEFENSE

The United States pleads that plaintiff's allegations of sexual assault are denied as untrue. They are not based in fact or in law, lack evidentiary support, and are being pursued for an improper purpose. Fed. R. Civ. P. 11(b).

ELEVENTH DEFENSE

The United States pleads that all tort based claims not exhausted administratively within two years of the accrual of the cause of action, including claims for negligent

hiring, training and supervision are barred by 28 U.S.C. § 2401(b), and plaintiff's recovery, if any, is limited to the specific acts or omissions, injuries and damages claimed administratively. 28 U.S.C. § 2675(a).

## TWELFTH DEFENSE

The United States pleads insufficiency of process and/or insufficiency of service of process under Fed. R. Civ. P. 4(i) and 4(m), out of an abundance of caution.

## THIRTEENTH DEFENSE

The United States pleads the negligence or fault of plaintiff in not reporting the alleged incident until nearly nine (9) months after she was removed to Mexico and gave birth; she was purportedly removed to Mexico on June 1, 2018, gave birth on or about January 2019, and her attorney first alerted the Harris County Sheriff's Office on or about February 7, 2019.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to recover exemplary or punitive damages against the United States, and her recovery under the FTCA, if any, is otherwise limited by damages allowed under Texas statutory and common law. 28 U.S.C. § 2674.

## FIFTEENTH DEFENSE

Plaintiff is not entitled to reimbursement of expert fees. 28 U.S.C. § 2674.

## SIXTEENTH DEFENSE

Plaintiff is not entitled to recover prejudgment legal interest under 28 U.S.C. § 2674, and is not entitled to recover post-judgment interest, except under the limited circumstances set forth in 31 U.S.C. §1304.

### SEVENTEENTH DEFENSE

Plaintiff is not entitled to the recovery of attorney's fees against the United States, and payment of attorney's fees by plaintiff is limited to 25% of any settlement or judgment amount. 28 U.S.C. § 2678.

### EIGHTEENTH DEFENSE

Plaintiff's recovery of medical expenses, if any, is limited to those reasonable and necessary medical expenses actually paid or incurred by plaintiff.

### NINTEENTH DEFENSE

Defendant is not liable for injuries or disabilities that were pre-existing, or arose after the subject accident.

### TWENTIETH DEFENSE

Defendant also asserts its entitlement to allowable credits or offsets against any judgment in favor of plaintiff.

### TWENTY-FIRST DEFENSE

Plaintiff is not entitled to a jury against the United States. 28 U.S.C. § 2402.

### TWENTY-SECOND DEFENSE

AND NOW, in answer to the allegations within Plaintiff's Original Complaint ("the complaint"), defendant United States avers as follows:

I.

The allegations contained in the preamble and paragraphs 1-8, 18-20, 22-24, 27, 30-33, 35, 67, 72-80, 84-85, 88-89, 91-221 (including subparts (a)–(g)), 222-225, and the Prayer (including subparts (a)–(d)), of the complaint are denied.

II.

The allegations contained in paragraphs 9-17, 25-26, 28-29, 68-71, 81-83, 86-87, and 90, of the complaint are denied for lack of sufficient information to justify a belief therein.

III.

The allegations contained in paragraph 21 of the complaint regarding alternative service of process methods during the Covid-19 pandemic, do not require a response by defendant.

IV.

The allegations contained in paragraph 34 of the complaint are denied, except defendant admits that plaintiff submitted an administrative claim to the Department of Homeland Security, and final disposition of the claim was not made within the six month period of review.

V.

The allegations, if any, contained within paragraphs 36-66 of the complaint are denied as "immaterial, impertinent, and scandalous" and without relation to the subject matter of this action, and should be stricken by the court.  Fed. R. Civ. P. 12(f).

VI.

Allegations presented as titles: Sections VI, A (between paragraphs 34 and 35), Section VI, B (between paragraphs 48 and 49), Section VI, C (between paragraphs 60 and 61), Section VI, D (between paragraphs 66 and 67), Section V, Count 1 (between paragraphs 88 and 89), Section V, Count 2 (between paragraphs 104 and 105), Section V,

Count 3 (between paragraphs 112 and 113), Section V, Count 4 (between paragraphs 123 and 124), Section V, Count 5 (between paragraphs 135 and 136), Section V, Count 6 (between paragraphs 142 and 143), Section V, Count 7 (between paragraphs 149 and 150), Section V, Count 8 (between paragraphs 156 and 157), Section V, Count 9 (between paragraphs 162 and 163), Section V, Count 10 (between paragraphs 170 and 171), Section V, Count 11 (between paragraphs 174 and 175), Section V, Count 12 (between paragraphs 190 and 191), Section V, Count 13 (between paragraphs 199 and 200), are denied.

WHEREFORE, defendant United States of America prays that its answer be deemed good and sufficient, and that after due proceedings had, that there be judgment in favor of the defendants and against plaintiff Jane Doe at her cost and prejudice.

    Respectfully submitted,

    RYAN K. PATRICK
    UNITED STATES ATTORNEY

    /s/ Fred T. Hinrichs
    _____
    FRED T. HINRICHS
    Assistant United States Attorney
    Texas Bar No. 24003580
    1000 Louisiana Street, Suite 2300
    Houston, Texas  77002
    (713) 567-9529 – phone
    (713) 718-3303 - facsimile
    Email: Fred.Hinrichs@usdoj.gov
    Attorney for the United States of America

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing pleading was electronically served through the court's ECM/CF system on this 29th day of July, 2020, to the following:

Jose Sanchez
Jose Sanchez Law Firm, PC
507 Green Street
Longview, Texas  75601

Morgan A. McPheeters
McPheeters Law, PLLC
4447 N. Central Expy., Ste. 101 #158
Dallas, Texas  75205

Michelle Simpson Tuegel
The Simpson Tuegel Law Firm
3301 Elm Street
Dallas, Texas  75226

Rachel Love
Ashlee B. Hesman
Daniel P. Struck
Struck, Love, Gojanowski & Acedo, PLC
3100 West Ray Road, Ste. 300
Chandler, AZ  85226

Chris M. Knudsen
Nicole G. Andrews
Serpe Jones Andrews Callender & Bell, PLLC
2929 Allen Parkway, Suite 1600
Houston, Texas  77019

Joel W. Mohrman
McGlinchey Stafford
1001 McKinney, Ste. 1500
Houston, Texas  77002

/s/ Fred T. Hinrichs
_____
Assistant United States Attorney