United States District Court
Southern District of Texas
**ENTERED**
September 08, 2020
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION



Jane Doe § 
§  JUDGE CHARLES ESKRIDGE
Plaintiff §
§
vs. §  CIVIL CAUSE NO. 4:20-cv-01828
§
§
CoreCivic, Inc. f/k/a Corrections §
Corporation of America; CoreCivic of §
Tennessee, LLC; CoreCivic TRS, LLC; §
CoreCivic, LLC; Prison Realty §
Management, LLC; TransCor America, §
LLC; Trinity Services Group, Inc. a/k/a §
Trinity Corrections Services, Inc.; Robert §
Lacy, Jr.; David Price; Assailant 1; §
Assailant 2; Assailant 3; and the United §
States of America §
§
Defendants §

## STANDARD E-DISCOVERY ORDER

This Order supplements all other discovery rules and orders. The Court's intent is to streamline discovery of electronically stored information to promote a "just, speedy, and inexpensive determination" of this action. FRCP 1. The parties must work cooperatively and in good faith to achieve these goals.

1. **General ESI production**. Absent agreement of the parties or further order, the following parameters apply to ESI production other than email under Rules 34 and 45 or in compliance with a disclosure requirement of this Court:

   a. **Document image format**. A producing party must produce each electronic document in single-page Tagged Image File Format. TIFF files must be single page and named with a unique production number followed by

the appropriate file extension. Load files must be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes must be maintained as they existed in the original document.

b. **Metadata**. Absent a showing of good cause, ESI need not include production of metadata.

c. **Fields included.** Where such fields exist, ESI must include the date and time that a document was sent and received, as well as the complete distribution list.

d. **Text-searchable documents.** No party has an obligation to make its production searchable by text. But where a party's documents already exist in such format independent of this litigation, or are converted to such format for use in this litigation (including for use by the producing party's counsel), then such documents must be produced in the same format at no cost to the receiving party.

e. **Footer**. Each document image must contain a footer with a sequentially ascending production number.

f. **Native files**. A party receiving a document produced in the format specified above may make a reasonable request after review to receive the document in its native format. Upon such request, the producing party must produce the document in its native format or bring concerns of burden to the requesting party's attention.

g. **No backup restoration required.** Absent a showing of good cause, when complying with discovery obligations in the present case, no party need restore any form of media upon which backup data is maintained in a party's normal operations. This includes without limitation backup tapes, disks, SAN, and other forms of media.

h. **Voicemail and mobile devices.** Absent a showing of good cause, voicemails, PDAs, and mobile phones are deemed to be not reasonably accessible and need not be collected and preserved.

2. **E-mail production.** Absent agreement of the parties or further order, the following parameters apply to email production under Rules 34 and 45, or compliance with a mandatory disclosure requirement of this Court:

a. **Requests for email**. *E-mail* refers to electronic mail or any form of electronic correspondence. Parties must propound specific production requests to obtain e-mail.

b. **Production timing.** E-mail production requests must be phased to occur with reasonable dispatch after the parties have exchanged:

   o Initial disclosures;

   o A specific listing of likely e-mail custodians;

   o A specific identification of the five most significant listed e-mail custodians in view of the pleaded claims and defenses; and

   o Preliminary information relevant to damages.

   The exchange of this information must commence within twenty-one days of such initial disclosures unless the parties mutually agree to another time.

c. **Identification of custodians.** E-mail production requests must identify the custodian, search terms, and time frame. The parties must cooperate in good faith to identify the proper custodians, search terms, and time frame. Each requesting party must limit its e-mail production requests to a total of five custodians per producing party. The Court may require production from additional e-mail custodians upon a showing of good cause after the requesting party reviews the initial production.

d. **Search terms.** Each requesting party must limit its e-mail production requests to a total of ten search terms per custodian per party, unless the parties mutually agree to additional terms. The search terms must be narrowly tailored to particular issues. Indiscriminately broad terms (such as the producing company's name or its product name) are inappropriate unless combined with narrowing search criteria that sufficiently reduce

4

overproduction and burden. A conjunctive combination of multiple words or phrases (for instance, *computer and system*) narrows the search and counts as a single search term. A disjunctive combination of multiple words or phrases (for instance, *computer or system*) broadens the search and counts each word or phrase as a separate search term, unless they are variants of the same word. Where appropriate, the parties must use narrowing search criteria (for instance, *and*, or *but not*, or *w/x*) to limit production and burden.

3. **Best efforts and cost-shifting**. The parties must use best efforts to work cooperatively and in good faith to narrow queries as necessary to reasonably reduce the burden on the searching/producing party. The Court will consider the extent of cooperation and good faith when determining whether to shift costs for disproportionate discovery, where applicable. The Court will specifically consider a party's efforts to promote efficiency and reduce costs in this regard.

4. **Disputes.** The parties must confer in good faith before bringing any dispute to the attention of the Court. Proceed according to Section 15 of this Court's procedures published on its website.

5. **No waiver.** The mere production of ESI in this litigation as part of a mass production does not itself constitute a waiver for any purpose.

6. **Inadvertent production.** The inadvertent production of ESI that includes privileged material, including attorney/client or attorney work product material, is not a waiver in the pending case or in any other federal or state proceeding. FRE 502(d).

7. **Other rules remain applicable.** Nothing in this Order affects the parties' discovery obligations under the Federal Rules, the Local Rules, or this Court's Procedures. But on any inconsistency applicable to ESI, the Court will apply this Order first.

Signed on September 08, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge