**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JANE DOE, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:20-cv-01828 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| CORECIVIC INC, *et al*, | § | |
| Defendants. | § | |

**ORDER OF VOLUNTARY DISMISSAL WITH PREJUDICE**

The unopposed motion by Plaintiff Jane Doe to voluntarily dismiss this action with prejudice is granted. Dkt 59. Also granted is her unopposed motion for leave to file under seal. Dkt 62.

This case concerns allegations of sexual assault. Doe is a citizen of Mexico. She spent three months in the custody of Immigration and Customs Enforcement at its Houston Processing Center. She alleges that, on the afternoon of the day she was to be deported back to Mexico, three men separated her and two other detainees from the general population and sexually assaulted them. Doe and the two other women were then deported a few hours after the assault. Doe alleges that she became pregnant as a result and suffered life-threatening medical complications during the pregnancy and birth. Dkt 1 at ¶¶ 3–5.

The parties appeared at hearing on September 3, 2020 to argue a motion by Defendant CoreCivic, Inc to strike certain allegations in the complaint and a motion by Defendant Trinity Services Group, Inc to dismiss for failure to state a claim. Dkt 29; Dkt 32. The Court also addressed a motion by CoreCivic for summary judgment. Dkt 43. The latter motion raised questions about the veracity of Doe's allegations. Id at 6–7. It cited conversations between Doe and investigators that highlighted inconsistencies in her complaint. Ibid. But the Court didn't

address the merits of the summary judgment motion because Doe hadn't yet responded.

Instead of responding, Doe filed the unopposed motion to dismiss. Dkt 59. She seeks to dismiss her action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). This requires an order on terms deemed proper by the district court. And the court issuing the order has considerable discretion to impose terms and conditions on dismissal that ensure no party will be inappropriately prejudiced. See Charles Alan Wright & Arthur R Miller, *Federal Practice & Procedure* § 2364 (West 4th ed 2020).

The nature of the allegations is concerning. The requested relief also evinces irrevocable finality. To ensure that Doe knowingly and voluntarily waived her right to pursue this action, counsel of record for Doe was ordered to file an affidavit verifying that he had explained to Doe the nature of the requested dismissal and its finality. Dkt 61. Doe was also ordered to file an affidavit to verify that she discussed the requested dismissal with counsel and understood the ramifications and finality of the requested relief. Ibid.

Both affidavits were submitted on October 12, 2020. Dkt 64; Dkt 65. They reflect full understanding of both the nature of the requested relief and its finality. Further hearing or status conference isn't necessary. The motion to dismiss with prejudice will be granted.

A general presumption provides for public access to judicial records. But the personal, sensitive information included in Doe's affidavit here outweighs the presumption of public access. Sealing her affidavit is appropriate.

The motion to dismiss with prejudice is GRANTED. Dkt 59.

The motion for leave to file the Doe affidavit under seal is GRANTED. Dkt 62.

It is ORDERED that the affidavit of Jane Doe in this case must be maintained under seal. Dkt 64.

Each party will bear its own costs.

S<span></span>O ORDERED.

Signed on November 17, 2020, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge